**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSVALDO RAUL GUZMAN PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01091 |
| v. | ) | |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS</u>
<u>(ECF No. 7)</u>**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of the Dominican Republic, is currently detained at Moshannon Valley Processing Center, located within the jurisdiction of this District Court. He was admitted to the United States in April 2012 as a Lawful Permanent Resident ("LPR"). Petitioner lost that status, though, and was ultimately ordered removable by an Immigration Judge ("IJ") in 2026 due to his criminal convictions.

Petitioner was convicted in April 2024 of four counts of retail theft in the Court of Common Pleas of Berks County, Pennsylvania. Those four criminal charges "did not arise out of a single scheme of criminal misconduct." (ECF No. 13-2, at 4). On three of the four counts, he was sentenced to two years of probation, each; on the fourth count, he was ordered to serve between 5 and 23 months in prison. Petitioner was placed at the Berks County Prison to serve that sentence. In January 2026, the U.S. Immigration and Customs Enforcement agency ("ICE") lodged a detainer with the Berks County Prison, suspecting that Petitioner was a member of a Dominican-American street gang called the "Trinitarios." (ECF No. 13, at 2). When the Petitioner was released from Berks County Prison on February 5, 2026, ICE arrested and detained him, and he was

1

transported to the Moshannon Valley Processing Center on February 6, 2026. (*Id.*). ICE served the Petitioner with a Notice to Appear, stating that although he had originally been admitted to the U.S. as an LPR in 2012, he had become deportable due to his theft convictions and prison sentence. Petitioner appeared in front of an IJ on April 9, 2026, for a removal proceeding, and the IJ determined that Petitioner was removable as an aggravated felon.

The Petitioner asserts that he should be detained under § 1226(a) as opposed to § 1225(b)(2), which would entitle him to a bond hearing in front of an IJ. The Respondents assert that Petitioner is subject to neither § 1226(a) nor § 1225(b)(2), as he is actually detained under § 1226(c) as an aggravated felon. The Court finds that the Respondents have established that the Petitioner is indeed an aggravated felon, and that as such, he is properly detained under § 1226(c) and not entitled to a bond hearing.

The Government has provided sufficient documentary evidence that the Petitioner is indeed the individual who was convicted of multiple counts of retail theft and therefore properly categorized as an aggravated felon. (ECF Nos. 13-1, 13-2, 13-3, 13-4, 13-5). An aggravated felony is a felony for which a defendant may serve more than a one-year term in prison. *Baghdad v. Att'y Gen. of United States*, 50 F.4th 386, 389 (3d Cir. 2022). In the Petitioner's case, the fourth count of retail theft to which he pleaded guilty in April 2024 resulted in a 5 to 23 month sentence,

As such, the Court concludes that the Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii), which provides that the Attorney General may take into custody any inadmissible alien who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or

serious bodily injury to another person." Congress decided that individuals detained under that provision of the Immigration and Nationality Act are not entitled to bond hearings under law.

The Court further finds the Petitioner's due process claims without merit, at least at present. The Third Circuit has held that detention under 8 U.S.C. § 1226(c) violates the Due Process Clause when it "becomes unreasonable." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). The Third Circuit has stated that "[i]f a noncitizen is found to fall within [8 U.S.C.] §1226(c), she may not seek release on bond unless and until her detention has become unreasonably long, which, under our precedents, may be six months or more." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 332 (3d Cir. 2021) (quotations omitted). Here, the Petitioner has been detained by ICE since he was released from the Berks County Prison on February 5, 2026, making his detention duration approximately five months at present. The Court thus denies the Petitioner's due process claim without prejudice to the Petitioner reasserting such a claim at a future time if he is still detained pending removal.

Accordingly, it is HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 7), pursuant to 28 U.S.C. § 2241 is DENIED.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2026

3